```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
                                     :
RANFIS PEREZ,                        :
                      Petitioner,    :    16cv8251(DLC)(SDA)
                                     :
           -v-                       :    MEMORANDUM OPINION
                                     :        AND ORDER
WARDEN,                              :
                                     :
                      Respondent.    :
                                     :
-------------------------------------X
```

APPEARANCES:

For Petitioner:
Ranfis Perez
Pro Se

For Respondent:
Luis Morales
Karen Schlossberg
Office of the District Attorney, New York County
1 Hogan Place
New York, New York 10013

DENISE COTE, District Judge:

Ranfis Perez ("Perez") has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 to vacate his 2001 conviction following a trial.  In a report of January 6, 2018, the Honorable Stewart Aaron recommended that the petition be denied ("Report").  The State has objected to the Report's conclusion that the petition is timely; Perez has not filed any objections to the Report.  For the reasons set forth in the Report and below, the petition is denied.

BACKGROUND

Following a jury trial in 2001, Perez was convicted of second degree murder, attempted murder in the first degree, assault in the second degree and criminal possession of a weapon in the second and third degrees. The evidence at trial showed that Perez had been drinking beer in an apartment with two men, that he shot and killed one of them, and that he shot and injured the second. The injured man testified at trial and identified Perez as the shooter. In executing a search warrant for Perez's apartment, the police found boxes of ammunition.

Three beer bottles had been recovered from the crime scene. DNA technology available in 2000 only allowed one of the bottles to be tested. Perez's counsel decided not to introduce those results at trial, which showed that the bottle (the "First Bottle") yielded a DNA profile from an unknown male donor.

After Perez's conviction was upheld on appeal, Perez filed a federal petition for a writ of habeas corpus challenging his conviction on grounds not raised in the instant petition. On May 3, 2006, this Court denied that petition in its entirety and refused to issue a certificate of appealability. Perez v. Phillips, 03cv7621 (DLC) (DF) 2006 WL 1461790 (S.D.N.Y. May 30, 2016). Perez did not seek a certificate from the Second Circuit.

On January 6, 2009, Perez filed a pro se motion pursuant to N.Y. Crim. Proc. Law § 440.30, requesting DNA testing of various items found at the scene of the crime scene. DNA testing was conducted on two beer bottles (the "Second and Third Bottles") that had not previously been tested, using new DNA identification techniques. The results from the Second Bottle showed the DNA of at least two people: one of the crime victims, and a DNA profile of one unknown male. The DNA testing of the Third Bottle revealed DNA belonging to at least three unknown males, but no DNA belonging to Perez or either crime victim. Altogether, the DNA testing of the three bottles uncovered DNA from at least three unknown males. Perez's DNA was not discovered on any of the three bottles.

In June 2012, Perez filed a pro se motion to vacate judgment pursuant to N.Y. Crim. Proc. Law § 440.10 ("440 motion"). He asserted there was a reasonable probability of a different verdict based on the new DNA evidence, and also advanced an ineffective assistance of counsel claim based on the failure to introduce DNA evidence from the First Bottle at trial. On July 25, 2012, while his 440 motion was pending, Perez was resentenced to terms of post-release supervision that had not been previously imposed as required by New York Penal

Law § 70.45.[1] His sentences of imprisonment on the Murder and Attempted Murder Counts were unchanged.

As thoroughly described in Magistrate Judge Aaron's Report, the current petition follows a June 2013 denial of Perez's motion to vacate, which was affirmed by the Appellate Division in April 2014.[2] The New York Court of Appeals denied Perez's application for leave to appeal on January 25, 2016.

On September 15, 2016, Perez submitted a motion in the Second Circuit Court of Appeals for leave to file a successive habeas corpus petition. Perez's motion was denied "as unnecessary because the proposed § 2254 petition would not be successive." Order, Perez v. Philips, No. 16-3235 (2d Cir. Oct. 17, 2016). The Second Circuit noted that Perez had "not filed a prior § 2254 petition challenging the judgment entered pursuant to his 2012 resentencing." Id. The matter was transferred to this Court, which referred the petition to the Magistrate Judge for a report and recommendation.

In the petition, Perez challenges his conviction on two grounds. First, he argues that, if the DNA evidence from the

---

[1] Where such a term was required, but not imposed, the criminal court must "commence a proceeding to consider resentence" no later than thirty days after receiving notice of such fact. See N.Y. Corr. L. § 601(d).

[2] Perez's appeal of his resentencing, which had been consolidated with his appeal of the denial to vacate, was also affirmed.

4

three bottles were presented to a jury, there exists a reasonable probability that the jury would return a verdict more favorable to him.  Second, he argues that his counsel was ineffective in 2001 when he chose not to introduce the DNA evidence regarding the First Bottle at trial.  The Report recommends that Perez's habeas corpus petition be denied.  The Report informed the parties that a failure to file timely objections would result in a waiver of those objections for purposes of appeal.  Respondent filed a timely objection to the Report, arguing that Perez's 2016 petition is not timely.  Perez requested and was granted an extension to file objections to the report.  Nevertheless, Perez has not filed any objections to the Report.

DISCUSSION

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  When a party submits a timely objection to a report and recommendation, the district judge will review the parts of the report and recommendation to which the party objected under a de novo standard of review. See id.; Fed. R. Civ. P. 72(b)(3).  Where clear notice has been given of the consequences of a failure to object, and there are no objections, the court may adopt the report and recommendation

5

without de novo review. See Thomas v. Arn, 474 U.S. 140, 150 (1985); see also Mario v. P & C Food Mkts., Inc., 313 F.3d 758, 766 (2d Cir. 2002).

Respondent objects that the 2016 petition is untimely and barred under the one-year limitations period of the Antiterrorism and Effective Death Penalty Act ("AEDPA"). See 28 U.S.C. § 2244(d)(1). "The determination of whether a limitations period has expired, based on undisputed facts, is a question of law." Saunders v. Senkowski, 587 F.3d 543, 547 (2d Cir. 2009).

Respondent argues that the 2012 resentencing of Perez was not a new judgment that restarts the ADEPA limitation period. The Second Circuit has resolved this issue against the respondent. It deemed Perez's request for leave to file a successive habeas petition unnecessary because the "proposed . . . petition would not be successive." The Second Circuit noted that judgment had been "entered pursuant to [Perez's] 2012 resentencing." This necessarily implies that Perez's instant petition is challenging a judgment that was not entered until 2012. The AEDPA statute of limitations from that judgment was tolled at least through January 25, 2016, when the New York Court of Appeals denied Perez's application for leave to appeal

6

his sentence and the denial of his 440.10 motion.[3]  The instant petition was filed in September 2016, well within the one year limitation period.

Turning to Perez's two claims for relief, there was no clear error in the Report's rejection of those claims.  As the Report described in detail, the state courts reviewed his claims and rejected them on the merits.  Among other things, the state courts noted that the fact that Perez's own DNA was not found on any of the three beer bottles, which contained DNA evidence of unknown males, does not necessarily contradict the victim's testimony that Perez was present at the scene of the crime and was the shooter.  For instance, the Supreme Court decision noted that the presence of DNA on the bottles did not indicate that individuals who matched those DNA profiles were necessarily at the scene of the crime at the time of the incident.  Moreover, the state courts found that defense counsel's decision not to offer DNA evidence from the First Bottle at the 2001 trial did not amount to ineffective assistance of counsel.  The courts reasoned that defense counsel had made a strategic choice and

---

[3] The Report notes that the New York Supreme Court and the Appellate Division both addressed Perez's 440.10 motion on the merits.  While that treatment of Perez's arguments indicates that the state courts approached the Perez resentencing judgment as a new judgment, a state's interpretation of its own time bars does not control a federal court's determination regarding AEDPA's statute of limitations.

7

that the DNA evidence, if introduced, would not have changed the outcome in light of the other trial evidence of Perez's guilt. There is no basis for the Court to conclude that the state court proceedings were fundamentally unfair or that the state court decisions rejecting Perez's claims were unreasonable or otherwise in violation of his rights. Applying the deferential standard that applies to AEDPA review of a state court's decision, Perez's claims must be denied.

CONCLUSION

The Report is adopted and the petition for a writ of habeas corpus is denied. In addition, the petitioner has not made a substantial showing of a denial of a federal right and, therefore, a certificate of appealability shall not be granted. Hoffler v. Bezio, 726 F.3d 144, 154 (2d Cir. 2013); Tankleff v. Senkowski, 135 F.3d 235, 241 (2d Cir. 1998); Rodriquez v. Scully, 905 F.2d 24, 24 (2d Cir. 1990). Pursuant to 28 U.S.C. § 1915(a)(3), any appeal from this Memorandum Opinion and Order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445 (1962). "[A] party generally waives judicial review of an issue when he or she fails to make timely objection to a magistrate judge's report, as long as all parties receive clear notice of the consequences of their failure to object." DeLeon v. Strack, 243 F.3d 84, 86 (2d Cir. 2000). The Report

8

gave such notice to Perez.  The Clerk of Court shall dismiss this petition and close the case.

Dated:    New York, New York
          July 13, 2018

                                    _____
                                    DENISE COTE
                                    United States District Judge

9